**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ARTHUR L. HAIRSTON, SR., | : |
| Petitioner, | : Civil Action No. 08-5648 (MLC) |
| v. | : **O P I N I O N** |
| WARDEN GRONOLSKY, et al., | : |
| Respondents. | : |

**APPEARANCES:**

Arthur L. Hairston, Sr., Petitioner <u>pro se</u>
F.C.I. Fort Dix, P.O. Box 38, Fort Dix, NJ 08640

**COOPER**, District Judge

Petitioner, Arthur L. Hairston, Sr., a prisoner confined at the Federal Correctional Institution at Fort Dix, New Jersey, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § ("Section") 2241.[1]  Petitioner also applies for leave to proceed <u>in forma pauperis</u>.  The named respondents are Warden Gronolsky [sic], District Judge Jerome B. Simandle, and Bureau of Prisons employee Mrs. Randolf.  It appears that this Court lacks jurisdiction over the Petition, and thus it will be dismissed.

## I.  BACKGROUND

Petitioner challenges the withdrawal of funds from his inmate account pursuant to orders issued under authority of Section

---

[1] Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions", and "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States . 28 U.S.C. § 2241(a), (c)(3).

1915(b), a practice that he characterizes as "extortion."[2]  He does not identify the orders directing withdrawal of funds from his institutional account, but the Court notes that assessment orders have been entered in several actions in the District of New Jersey.  See, e.g., Hairston v. Gronolsky, No. 08-1348; Hairston v. Nash, No. 06-0358; Hairston v. Nash, No. 06-4893; Hairston v. Samuels, No. 06-4894.

Petitioner alleges that the collection of these assessments prevents him from calling his family.  He seeks an injunction against the collection of these assessments.

## II.   STANDARDS FOR SUA SPONTE DISMISSAL

Section 2243 provides in relevant part:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).

---

[2] Petitioner refers to Section 1915(a), but Section 1915(b) authorizes withdrawal of funds from an inmate account to pay filing fees for civil actions in which the inmate has been granted leave to proceed in forma pauperis.  Under Section 1915(b), if a prisoner brings a civil action in forma pauperis, the prisoner "shall be required to pay the full amount of a filing fee."  The court "shall assess and, when funds exist, collect," monthly partial payments.  "The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."

A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Att'y Gen., 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985).  See also 28 U.S.C. §§ 2243, 2255.

### III.  ANALYSIS

The Court lacks jurisdiction over Petitioner's challenge to Section 1915.  Accordingly, the Petition will be dismissed for lack of jurisdiction.

A habeas corpus petition is the mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings affecting the length of confinement, such as deprivation of good-time credits.  Muhammad v. Close, 540 U.S. 749 (2004); Edwards v. Balisok, 520 U.S. 641 (1997); see Wilkinson v. Dotson, 544 U.S. 74 (2005).  Where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  See,

e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991); see also Woodall v. Fed. Bur. of Prisons, 432 F.3d 235, 237 (3d Cir. 2005) (challenge to regulations limiting pre-release transfer to community corrections centers properly brought in habeas); Macia v. Williamson, 219 Fed.Appx. 229 (3d Cir. 2007) (finding habeas jurisdiction in challenge to disciplinary hearing resulting in sanctions including loss of good-time credits, disciplinary segregation, and disciplinary transfer).

Habeas corpus also is an appropriate mechanism for a federal prisoner to challenge the execution of a sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting federal prisoner may challenge denial of parole under § 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (challenge to agency's refusal to consider prisoner's request that state prison be designated place for service of federal sentence).

But "the precise meaning of 'execution of the sentence' is hazy." Woodall, 432 F.3d at 237. To the extent a prisoner challenges conditions of confinement, such claims must be raised by way of a civil rights action. See Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002); see also Ganim v. Fed. Bur. of Prisons, 235 Fed.Appx. 882 (3d Cir. 2007) (challenge to garden-variety transfer not cognizable in habeas); Castillo v. FBOP FCI Fort Dix, 221 Fed.Appx. 172 (3d Cir. 2007) (habeas is proper vehicle to challenge disciplinary proceeding resulting in loss of good-

4

time credits, but claims regarding sanctioned loss of phone and visitation privileges not cognizable in habeas).

Petitioner's challenge here to the statute requiring withdrawal from a prisoner's institutional account of payments assessed by the District Court is the type of challenge to conditions of confinement that must be brought by way of a civil rights action.  Accordingly, this Petition for writ of habeas corpus will be dismissed for lack of jurisdiction.[3]

Because Petitioner has neither prepaid the $350.00 filing fee for a civil action nor sought leave to proceed in forma pauperis in a civil action, and due to the consequences that flow from a grant of leave to proceed in forma pauperis in a civil rights action, the Court will not construe this matter as a civil rights complaint.[4]  See 28 U.S.C. § 1915 (g) ("three-strikes rule") ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a

---

[3] This is Petitioner's second habeas petition challenging Section 1915 that has been dismissed for lack of jurisdiction in this District.  See Hairston v. Samuels, No. 07-3673.

[4] Petitioner has previously brought an unsuccessful civil action challenging the constitutionality of Section 1915(b) in this District.  See Hairston v. Gronolsky, No. 08-1348.

claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

### IV.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed for lack of jurisdiction.  An appropriate order and judgment follows.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:  May 20, 2009